UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTONIO M LACY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-20 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING LAWSUIT

Plaintiff Antonio M. Lacy is a Texas state prisoner confined at the McConnell Unit in Beeville, Texas, and a "three-strikes" litigant as that term is defined in 28 U.S.C. § 1915(g), meaning that, while incarcerated or detained, he has brought on three or more prior occasions, actions that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted. As a consequence thereof, plaintiff has lost the privilege of proceeding *in forma pauperis* ("i.f.p."), unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On January 21, 2014, plaintiff filed this civil rights action on his own behalf and that of all diabetic prisoners incarcerated in Texas state prisons,[1] alleging that diabetic prisoners are not receiving appropriate medical care. (D.E. 1 at 4). He seeks leave to

---

[1] Plaintiff purports to have signed the complaint on behalf of a class of TDCJ prisoners with diabetes; however, because he is not a licensed attorney, he cannot represent any other plaintiff in this action. *See Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979) (per curiam) (noting there is no constitutional right for non-attorneys to represent other persons in non-habeas corpus matters).

proceed i.f.p. (D.E. 5). For the reasons stated herein, plaintiff's motion to proceed i.f.p. is denied and this case is dismissed without prejudice.

**I.    Three strikes rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act (PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of serious physical injury to proceed without prepayment of the filing fee. Id.

**II.   Plaintiff's litigation history**

Plaintiff has had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Lacy v. Collins, et al., Case No. 4:94cv2515 (S.D. Tex. (Houston), Dec. 30, 1994) (lawsuit dismissed as frivolous) (first strike); Lacy v. Velasquez, Case No. 6:01cv426 (E.D. Tex. (Tyler), April 16, 2002) (lawsuit dismissed as frivolous and for failure to state a claim) (second strike); Lacy v. Velasquez, Case No. 02cv40658 (5th Cir. Dec. 12, 2002) (appeal dismissed as frivolous) (third strike); and Lacy v. Texas Bd. of Criminal Justice, Case No. 1:10cv353 (W.D. Tex. (Austin), February 7, 2011) (lawsuit dismissed for failure to state a claim) (fourth strike).

## III. Discussion

Plaintiff has accumulated four strikes as a result of his previously filing frivolous lawsuits and/or appeals. As such, he has lost the privilege of proceeding i.f.p., and the instant motion to proceed i.f.p. must be denied unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In the instant lawsuit, plaintiff focuses largely on how diabetic prisoners are treated generally, and the possible complications from poor care. There is no possibility that plaintiff has knowledge of the condition of diabetic prisoners held throughout the state.

Plaintiff does discuss his own circumstances briefly. In paragraph ten, plaintiff, a diabetic for the last six years of his previous twenty years in prison, complains he has not received any diagnostic tests, including an HbA1C blood test that plaintiff claims should be performed every three months (D.E. 1 at 9). Yet in other parts of his complaint, plaintiff states he is tested yearly (D.E. 1 at 6), and he goes on to state that the result of

his "last" HbA1C test was 10.1, implying he has had the test more than once (D.E. 1 at 9-10). Plaintiff also admits he receives finger stick tests to determine his glucose levels (D.E. 1 at 6). Plaintiff makes a conclusory statement that his care is grossly inadequate, and as a result, he has poor blood circulation in his legs and fingers and numbness in his feet. He claims he is denied orthopedic shoes (*Id.* at para. 11). Plaintiff also complains of the $100 co-pays when going for treatment at the infirmary (*Id.* at para 14), but he does not state that he is denied treatment if he cannot afford the copay.

Plaintiff is not a doctor and is in no position to judge the care he is receiving. At most he has a disagreement with the level and type of treatment he is receiving, which is not actionable under the Eighth Amendment. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977).

Moreover, the only defendant named in this action is the Director of TDCJ-CID, William Stephens. Plaintiff has not named one member of the medical staff as a defendant, nor has he described any event that places him in imminent danger of serious physical injury. It is well established that a § 1983 plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*. Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). "[Section] 1983 does not

give a cause of action based on the conduct of subordinates. Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

## IV. Conclusion

Because of his abusive litigation history, plaintiff has lost the privilege of proceeding i.f.p., and, in the instant action, he has failed to allege that he is in imminent danger of serious physical harm, such that the imminent danger exception is not available. Accordingly, plaintiff's application to proceed i.f.p. (D.E. 5) is denied, and this case is dismissed without prejudice. Plaintiff is advised that he may move to reinstate this action within sixty (60) days from the date of entry of this Order, but only if he pays the full $400.00 civil filing fee at the time he moves to reinstate.

SIGNED and ENTERED this 17 day of March, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE